# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NO. 6:14-CR-29-JDK** |
| **vs.** § | |
| § | |
| § | |
| **DIJON ARTHUR HOWARD (2)** § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On September 17, 2020, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Ryan Locker. Defendant was represented by Assistant Federal Defender Ken Hawk.

### *Background*

After pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony, Defendant Dijon Arthur Howard was sentenced on March 17, 2015 by United States District Judge Leonard Davis. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of II, was 121 to 151 months. Defendant was sentenced to 51 months of imprisonment to be followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, obtaining his GED, and substance abuse testing and treatment.

The case was re-assigned to United States District Judge Jeremy D. Kernodle on February 5, 2019. Defendant completed his term of imprisonment and started his term of supervised release on February 15, 2017.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on February 7, 2019, United States Probation Officer Daisy Pridgen alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 2): The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.**  It is alleged that defendant failed to submit a monthly report form in January 2019 (for December 2018).

2. **Allegation 2 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**  It is alleged that Defendant submitted a urine specimen on September 25, 2017, that tested positive for methamphetamine.  It is also alleged that Defendant submitted a urine specimen on November 7, 2018 that tested positive for marijuana.

3. **Allegation 3 (special condition): Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as he is released from the program by the probation office.**  It is alleged that Defendant was referred to substance abuse counseling in November 2018, after testing positive for marijuana but he failed to attend treatment.  It is also alleged that Defendant failed to submit urine specimens as directed on December 6, 10, and 12, 2018; January 7, 10, 16, and 31, 2019; and February 4, 2019.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using and thereby possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline range for a Grade B violation is 6 to 12 months of imprisonment. The remaining allegations in the petition are Grade C violations. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of II, the guidelines provide that Defendant's guideline range for a Grade C violation is 4 to 10 months of imprisonment.

### *Hearing*

On September 17, 2020, Defendant appeared for a final revocation hearing. Assistant United States Attorney Ryan Locker announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of 6 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation for designation at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade B supervised

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 6 months of imprisonment with no further supervised release.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 6 months of imprisonment with no further supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 6 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 17th day of September, 2020.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE